UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SETH D. HARRIS,<br>Acting Secretary of Labor,<br>United States Department of Labor,<br>[Substituted for Former Secretary of Labor,<br>Hilda L. Solis, retired]<br><br>Plaintiff,<br><br>v.<br><br>TRIPP MECHANICAL SERVICES,<br>JARVIS EDWARD TRIPP, JR., GINA<br>TRIPP, AND TRIPP MECHANICAL<br>SERVICES, LLC SIMPLE IRA PLAN,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | FILE NO.<br><br>4:13-cv-00011-F |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Acting Secretary of Labor, United States Department of Labor, pursuant to his authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001 et seq., (hereinafter "ERISA") has filed a Complaint against Defendants Tripp Mechanical Services (hereinafter "TMS"), Jarvis Edward Tripp, Jr. (hereinafter "Jarvis Tripp"), Gina Tripp, and the Tripp Mechanical Services, LLC SIMPLE IRA Plan (hereinafter "the Plan") (TMS, Jarvis Tripp and Gina Tripp shall be collectively referred to as the "Defendants"). The Secretary and Defendants have agreed to resolve all matters in controversy between the Secretary and Defendants in this action pursuant to the terms and conditions of this Consent Judgment and Order. The parties consent to entry of a Judgment and Order by this Court in accordance herewith.

A. The Secretary's Complaint alleges that Defendants breached their fiduciary duties with respect to the Plan by failing to discharge their duties under the Plan and by violating provisions of Sections 403, 404 and 406 of ERISA, 29 U.S.C. §§ 1103, 1104 and 1106, as set forth in the Complaint.

B. Defendants hereby admit to the jurisdiction of the Court over them and over the subject matter of this action. Defendants admit that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendants admit each and every allegation in the Complaint.

D. Defendants admit that they are, or were at all times relevant to this action, acting as fiduciaries within the meaning of 11 U.S.C. § 523(a)(4). Defendants further admit that their conduct with respect to the Plan and with respect to Plan assets constitutes defalcation while acting in a fiduciary capacity within the meaning of 11 U.S.C. § 523(a)(4).

E. Defendants expressly waive any and all claims of whatsoever nature that they have or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

F. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendants. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves all claims arising out of this action as between the Secretary and Defendants.

G. The Secretary and Defendants expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order

- 2 -

as a full and complete resolution of all claims and issues which were, or might have been, alleged in this action without trial or adjudication of any issue of fact or law raised in the Complaint.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. The Court has jurisdiction over the parties to this Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendants are permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendants are permanently enjoined from acting as fiduciaries, trustees, agents, or representatives in any capacity to any employee benefit plan, as defined by ERISA.

4. As a result of their fiduciary breaches, Defendants have caused the Plan losses of $9,468.65, plus interest on those funds of $1,326.48 through May 13, 2013, calculated at the higher of the applicable Internal Revenue Code section 6621 Rate or the Plan's rate of return, for which they are jointly and severally liable.

5. Defendant Gina Tripp agrees to allow any participant interest she may have in any existing or future assets of the Plan to be applied as an offset against the amounts that the Plaintiff has alleged are due to the Plan, as authorized by Section 206(d)(4) of ERISA. The Plan document is hereby deemed amended to permit the distribution and offset of Defendant Gina Tripp's participant interest, in the amount of $1,092.00, plus $152.40 in interest on those funds, totaling $1,244.49, as provided herein. A full executed copy of this Consent Judgment and Order shall be maintained by the Plan administrator with all other documents and instruments governing the Plan.

- 3 -

6.      By his signature below, Defendant Jarvis Tripp, spouse of Defendant Gina Tripp, waives any claims that he may have for his spouse's benefits under the Plan with respect to his spouse's account, which will be redistributed to other participants, and acknowledges that he understands: (a) that the effect of such consent may be to forfeit the benefits that he would be entitled to receive upon his spouse's death; (b) that his spouse's waiver is not valid without his consent; and (c) that his consent is irrevocable upon the entry of this Order.

7.      After the filing of the Complaint, Defendant provided evidence to the Secretary that the alleged participant interest, in the amount of $700.00, plus $92.82 in interest on those funds, totaling $792.82 owed to Plan participant Michael L. Quidley, Jr. had been previously resolved through private litigation, *Quidley v. Tripp Mechanical Services, LLC, et al.*, File No. 12-CvD-10 (N.C. General Court of Justice).

8.      Defendants shall, on or before June 25, 2013, make restitution to the Plan in the amount of $8,757.82 directed to Edward Jones, custodian of the Plan's assets, to be allocated to the accounts of all the participants and beneficiaries and former participants and beneficiaries with the exception that none of said sum shall be allocated to the account of Defendant Gina Jarvis or participant Michael Quidley, Jr. Defendants shall provide a written confirmation and an accounting of the asset distributions to the Plan participants and beneficiaries within five (5) business days of being made, but in no event later than June 30, 2013. In the event that Defendants fail to make restitution in the amount ordered, post judgment interest shall be assessed against any remaining unpaid balance of such amount, in accordance with 28 U.S.C. § 1961, for the date hereof until paid in full.

9.      Once the corrective actions required in this Consent Judgment and Order are complied with, the Secretary is required to assess a civil penalty pursuant to Section 502(l) of

- 4 -

ERISA, 29 U.S.C. § 1132(l). The penalty under Section 502(l) is equal to 20 percent of the "applicable recovery amount" as that term is defined by ERISA. Defendants shall pay to the Department of Labor the civil money penalty pursuant to Section 502(l) of ERISA, 29 U.S.C. § 1132(l), upon assessment of such penalty by the Department of Labor.

10. This Consent Judgment resolves all claims against Defendants in Plaintiff's Complaint with the following exceptions:

a. This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

b. This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Order and Judgment.

11. Each party shall bear its own costs and expenses, including attorney's fees, arising in connection with any stage of the above-referenced proceeding including, but not limited to, attorney=s fees which may be available under the Equal Access to Justice Act, as amended.

This 14th day of June, 2013.

_____
United States District Judge

- 5 -

Case 4:13-cv-00011-F    Document 11    Filed 06/14/13    Page 5 of 6

| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
|---|---|
| JARVIS EDWARD TRIPP, JR. | M. PATRICIA SMITH<br>Solicitor of Labor |
| By: _____<br>JARVIS EDWARD TRIPP, JR.<br>Individual | STANLEY E. KEEN<br>Regional Solicitor |
| TRIPP MECHANICAL SERVICES | ROBERT M. LEWIS, JR.<br>Counsel |
| By: _____<br>JARVIS EDWARD TRIPP, JR.<br>Owner | By: _____<br>KRISTINA T. HARRELL<br>Trial Attorney |
| GINA TRIPP | Office of the Solicitor<br>U.S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, Georgia 30303<br>(404) 302-5435 (Phone)<br>(404) 302-5438 (Fax)<br>Attorneys for Plaintiff |
| By: _____<br>GINA TRIPP<br>Individual | |

**SPOUSAL CONSENT:**

Jarvis Edward Tripp, Jr., husband of Defendant Gina Tripp, hereby consents to entry of this Order, and specifically consents to the terms set forth in paragraph 6 of the Order.

_____
JARVIS EDWARD TRIPP, JR.
Husband of Defendant Gina Tripp

State of North Carolina
County of Pitt

SWORN TO and SUBSCRIBED before me this
07 day of June, 2013.

_____
Notary Public
My Commission Expires: 8-29-2017

TIFFANY R WELLS
NOTARY PUBLIC
PITT COUNTY, NC
MY COMMISSION EXPIRES 8-29-2017

- 6 -